# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOHNSON CONTROLS, INC.,**
        Petitioner,

      v.                                                Case No. 11-CV-00928

**EDMAN CONTROLS, INC.,**
        Respondent.

## DECISION AND ORDER

Petitioner Johnson Controls, Inc. ("JCI") asks me to vacate or modify an arbitration award in favor of respondent Edman Controls, Inc. ("Edman") issued on September 27, 2011. Edman opposes the petition and asks me to confirm the award.

## I. BACKGROUND

The relevant facts are as follows: JCI manufactures and services building management systems. These systems include, for example, heating, air-conditioning, and ventilation systems and fire and security systems. In March 2007, JCI signed an agreement (the "Agreement") that authorized Edman to distribute and service JCI's products in Panama. The Agreement required Edman to promote JCI's products and required JCI to help Edman establish and grow its business. The Agreement called for the application of Wisconsin law, provided that any dispute between the parties be resolved by arbitration and specified that the prevailing party could recover the costs and expenses associated with arbitration.

Edman conducted its operations in Panama through two affiliates, Pinnacle Technologies, Inc. and Pinnacle Engineering, Inc. (collectively "Pinnacle"). Acting through

Pinnacle, Edman entered into a contract to manage the systems in the Torres de las Americas Center (the "Torres Center"), a large building in Panama City. Edman also submitted bids on other buildings and invested in an expensive build-out of office space. However, Edman's business soon faltered as it lost the bulk of its contract with the Torres Center and lost out on bids for several other major projects. Edman believes that its problems were caused by JCI's failure to fulfill its obligations under the Agreement. Specifically, Edman claims that JCI competed with it and undermined it instead of supporting it. In August 2010, Edman initiated arbitration.

JCI asked the arbitrator to dismiss all of Edman's claims on the ground that Edman conducted its business in Panama through Pinnacle and that any injuries suffered were Pinnacle's, not Edman's. The arbitrator agreed with JCI that Edman could not assert Pinnacle's claims because Edman lacked standing to assert claims "exclusively owned by either of its subsidiaries." (Pet. to Vacate Arb. Award, Ex. A., ¶51.) But the arbitrator also concluded that Edman possessed claims of its own which it could assert. The arbitrator stated that "the fact that Edman chose to have Panamanian subsidiaries enter into contracts with third parties will . . . not preclude Edman, as the parent corporation, from seeking to recover lost profits that it claims would have been enjoyed by Edman and its subsidiaries on a consolidated basis . . . ." (Id. ¶ 53.)

The arbitrator then determined that JCI had violated the Agreement by failing to provide support for Edman and had tortiously interfered with Edman's Torres Center contract by making negative comments about Edman to the building's owner. The arbitrator also concluded that JCI had been unjustly enriched by Edman's promotion of JCI products, including its touting of JCI products in the high-end office space Edman had directed

2

Pinnacle to build out. As damages, the arbitrator awarded Edman $457,986.39 in lost profits and $244,530.25 in office build-out expenses. The arbitrator found that Edman was the prevailing party and awarded it $30,825.00 in costs.

## II. DISCUSSION

This case is governed by the Federal Arbitration Act ("FAA") because the agreement to arbitrate was part of a contract relating to a transaction involving commerce, here foreign commerce. See 9 U.S.C. § 2. In reviewing an award under the FAA, I first determine whether a valid arbitration agreement exists. Sharif v. Wellness Int'l Network, Ltd., 376 F.3d 720, 726 (7th Cir. 2004). Next, I ask whether the claims reviewed by the arbitrator are substantively arbitrable—in other words, whether they are the type of claims the parties agreed to arbitrate. Id. If they are, then all questions of procedural arbitrability, such as whether a claim was properly presented to the arbitrator, and all questions related to the merits of a claim are for the arbitrator. John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 557 (1964). I may overturn an arbitrator's decision on a question of procedural arbitrability or on a question related to the merits only if the arbitrator clearly exceeded his authority. 9 U.S.C. § 10(a)(4). As long as an award is based on the arbitrator's interpretation of an agreement and the arbitrator even arguably acted within his authority, I must uphold it. Local 15, Int'l Brotherhood of Electrical Workers, AFL-CIO v. Exelon Corp., 495 F.3d 779, 784 (7th Cir. 2007). I cannot vacate an award simply because the arbitrator erred, even if he seriously erred. Id. The scope of judicial review is extremely narrow so as to preserve the presumed benefits of arbitration, namely reduced delay and reduced expense.

In the present case, JCI concedes that a valid arbitration agreement exists and that all of Edman's claims against JCI are substantively arbitrable. However, JCI contends that the arbitrator exceeded his authority by ruling on claims owned by Pinnacle, which the parties did not agree to arbitrate. The problem with this argument is that the arbitrator expressly declined to consider Pinnacle's claims. Instead, the arbitrator found that Edman had claims of its own. Although the arbitrator may have erred in making this finding, I cannot say that by making this ruling he exceeded his authority. The Agreement authorized the arbitrator to decide the validity of Edman's claims, and the arbitrator based his decision on his interpretation of the Agreement and Wisconsin law. Thus, I must affirm the arbitrator's decision to uphold Edman's claims.

JCI's next argument is that the arbitrator exceeded his authority by awarding Edman compensation for claims that Edman did not include in its original arbitration demand. As noted above, whether a claim is properly presented for arbitration is an issue of procedural arbitrability reserved for the arbitrator. By awarding Edman compensation, the arbitrator implicitly determined that Edman properly presented its claims. This determination was within the scope of the arbitrator's authority.

Finally, JCI objects to the arbitrator's award of damages. JCI claims that the arbitrator wrongly awarded Edman damages for lost profits, which are barred by the Agreement, and provided Edman with a double recovery by awarding both damages for lost profits and compensation for the office build-out. JCI also contends that the arbitrator incorrectly concluded that Edman was the prevailing party. In considering these arguments, I reiterate that the question is not whether the arbitrator correctly decided these issues but whether he based his conclusion on his interpretation of the Agreement and on Wisconsin

4

law and thus acted within his authority. The arbitrator explicitly based both the damages award and his conclusion that Edman was the prevailing party on the Agreement and on Wisconsin law. He explained, for example, that he was awarding damages for lost profits because he found that the damages waiver in the Agreement was unenforceable under Wisconsin law. Thus, he acted within the scope of his authority when he awarded Edman damages and ordered JCI to reimburse Edman for the cost of the arbitration.

Therefore, I will deny JCI's petition to vacate the arbitration award and grant Edman's motion to confirm the award. Because this is a diversity case, I look to state law to determine whether Edman is entitled to prejudgment interest. Matter of Oil Spill by the Amoco Cadiz, 954 F.2d 1279, 1333 (7th Cir. 1992). Under Wisconsin law, prejudgment interest is available at an annual rate of 5% if damages are "readily determinable." Erickson by Wightman v. Gundersen, 183 Wis. 2d 106 (Ct. App. 1994); see also Wis. Stat. § 138.04. In the present case, damages were readily determinable as soon as the arbitrator issued his award. Therefore, I will order JCI to pay prejudgment interest from the date of the award until the date this court enters final judgment.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that Johnson Controls Inc.'s petition to vacate the arbitration award [DOCKET #1] is **DENIED**, and Edman Controls Inc.'s motion to confirm the arbitration award [DOCKET #7] is **GRANTED**.

**IT IS FURTHER ORDERED** that Johnson Controls Inc. shall pay prejudgment interest on the award of $733,341.64 at a rate of 5% per year from September 27, 2011 until the date of final judgment.

5

Dated at Milwaukee, Wisconsin, this 11th day of May 2012.

                                            <u>s/ Lynn Adelman</u>
                                            LYNN ADELMAN
                                            District Judge