UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**JOHNSON CONTROLS, INC.,**
        Plaintiff,

    v.                                      Case No. 11-CV-00928

**EDMAN CONTROLS, INC.,**
        Defendant.

## DECISION AND ORDER

I summarized the facts of this diversity case in my May 11, 2012 decision and order. Before me now is Edman Controls, Inc.'s ("Edman's") motion for attorney's fees and costs and Johnson Controls, Inc.'s ("JCI's") objections.

In the May 11 order, I granted Edman's motion to enforce an arbitration award and ordered JCI to pay $733,341.64 pursuant to that award, plus $23,042.16 in prejudgment interest. The parties agreed to arbitrate any dispute that could not be resolved by negotiation or mediation. In the event of arbitration, the parties agreed that "[t]he prevailing party shall recover all costs and expenses (including attorney's fees) incurred as a result." (Pet. to Vacate Arbitration Award Ex. A § 11.I, ECF No. 1-1.) Here, the arbitrator found that Edman was the prevailing party, and I concluded that I could not overturn that determination. Thus, the question presented is how much Edman is entitled to for costs and expenses. Pursuant to its 1/3 contingency-fee agreement with its lawyer, Edman seeks $252,127.93 for attorneys fees and $57,480.05 in other costs.

Quantifying costs and attorney's fees in a diversity case is a procedural issue governed by federal law. <u>Metavante Corp. v. Emigrant Sav. Bank</u>, 619 F.3d 748, 774 n.21

(7th Cir. 2010). A fee-shifting agreement impliedly requires that the fees sought be "commercially reasonable," meaning that a party's aggregate costs must be reasonable in light of the stakes of the case and the opposing party's litigation strategy. Matthews v. Wis. Energy Corp., Inc., 642 F.3d 565, 572 (7th Cir. 2011). Thus, I ask whether the fees requested are in line with those that a commercial party would have incurred if it had to pay the bill itself. Medcom Holding Co. v. Baxter Travenol Laboratories, Inc., 200 F.3d 518, 521 (7th Cir. 1999).

JCI argues that Edman has not shown that its request is reasonable because it has not calculated attorney's fees under the "lodestar" method, which involves multiplying the number of hours spent on the litigation by a reasonable hourly fee. But this argument fails because the parties' agreement does not require use of the lodestar method. The only limitation in the contract is the implied limitation that Edman's attorney's fee be reasonable.

I conclude that the amount of the contingency fee is commercially reasonable. A 1/3 contingency fee may be higher than the lodestar method would produce, but it compensates the attorney both for his time and for the risk that Edman would lose. The fee is within the normal range for contingency fees, which are typically between 33 and 40 percent of the client's recovery, Gaskill v. Gordon, 160 F.3d 361, 362 (7th Cir. 1998), and Edman has submitted two affidavits from experts stating that a 1/3 contingency fee is common for commercial arbitration cases in Florida, where the arbitration took place. JCI has provided no contradictory evidence, and it has declined to disclose the fees it incurred as a comparison. Further, Edman's attorney has performed considerable work, taking the case through the arbitration process and defending the arbitrator's award before me.

2

Edman has failed to prove, however, that the full $57,480.05 requested for other costs is reasonable. I conclude that most of its costs are justified, including the $4,790.84 for Edman's owner, Manuel Rosendo, to travel to Wisconsin and Panama to assist counsel. But Edman has not explained the $17,521.25 it claims for fees to attorneys in Panama and the British Virgin Islands. This request is in addition to the 1/3 contingency fee, and the basis provided for it is overly general, e.g. "legal opinions" and "documents and certifications." (Mot. for Atty. Fees and Costs Ex. B at 7–8, ECF No. 13-2.) Because Edman has not shown that these fees are related to its claims in the present case, I will reduce the request for other costs by $17,521.25.

**THEREFORE, IT IS ORDERED** that Edman's motion for attorney's fees and costs [Docket #13] is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that JCI shall pay Edman $252,127.93 in attorneys fees and $39,958.80 in other costs.

Dated at Milwaukee, Wisconsin, this 26th day of June 2012.

s/ Lynn Adelman
LYNN ADELMAN
District Judge